# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GURINDER S. RAKHRA,<br><br>                Plaintiff,<br><br>vs.<br><br>PHW LAS VEGAS, LLC, et al.,<br><br>                Defendants. | Case No. 2:12-cv-01287-JAD-PAL<br><br>**ORDER**<br><br>(Mot. Prot Ord - Dkt. #21) |

      Before the court is Defendants PHW Las Vegas, LLC, and PHW Manager, LLC's Motion for Protective Order on Order Shortening Time (Dkt. #21). The court has considered the Motion, Plaintiff's Opposition (Dkt. #22), and Defendants' Reply (Dkt. #23).

## BACKGROUND

      This is a slip-and-fall case. Plaintiff alleges that on November 28, 2010, he slipped and fell in the area of the front plaza at the south end of Planet Hollywood Resort and Casino between midnight and 2:30 a.m. This motion for protective order was filed November 1, 2013, to prevent the deposition of Paul Arambula noticed for November 5, 2013, from proceeding as scheduled because it was noticed after the September 30, 2013 discovery cutoff. Mr. Arambula's deposition had been previously scheduled before the discovery cutoff, but on less than 15-days notice without the consent of counsel for the Defendants. Mr. Arambula was subpoenaed to appear for his September 16, 2013 deposition, but failed to appear, and a notice of non-appearance was entered.

      Counsel for Plaintiff served a second notice of taking Mr. Arambula's deposition October 15, 2013, setting the deposition for November 5, 2013. On October 18, 2013, counsel for the parties conducted a telephonic meet and confer in which counsel for the Defendants requested that the deposition be vacated because it was scheduled after the discovery cutoff and dispositive motion deadline. However, counsel for Plaintiff declined. For reasons Defendants do not explain, this motion

was not filed until four days before the noticed deposition. Defendants seek a protective order arguing that allowing the deposition to proceed after the expiration of the discovery cutoff and after the Defendants have filed a motion for summary judgment based on the "known discovery to date" would prejudice them. Additionally, it would encourage Plaintiff to continue to conduct discovery after the discovery cutoff.

Plaintiff opposes the motion indicating that on a site inspection conducted February 12, 2013, defense counsel informed Plaintiff's counsel and Plaintiff's expert, David Elliot, that the area where the accident occurred had been resurfaced since the accident. Defendants' answers to Plaintiff's second interrogatories were served August 26, 2013, and informed Plaintiff for the first time that contrary to prior representations, no resurfacing had been done following the accident. Supplemental document disclosures indicated that the concrete in the area had been treated with a sealer which was recommended to be resurfaced every six months. The accident occurred seven months after the sealant was applied, but the sidewalk had not been resurfaced after six months as recommended. Plaintiff sought to take the deposition of Paul Arambula who is the owner of the company that applied the sealer. The deposition was originally scheduled for September 16, 2013. However, Arambula failed to appear although he had been served with a subpoena. The deposition was re-noticed for November 5, 2013, because it was the first date Mr. Arambula was available. Plaintiff argues that Defendants are attempting to prevent Plaintiff from obtaining pertinent evidence to establish Defendants' negligence in failing to properly maintain the subject area by "filing a motion for summary judgment in conjunction with" this motion for protective order.

Defendants reply that Plaintiff's counsel conducted a site visit with his expert in February 2013, but did not conduct follow-up discovery for five months. Defendants timely responded to Plaintiff's written discovery with a brief extension indicating that the front plaza had been resealed as opposed to resurfaced. Defendants also provided documents demonstrating the work performed and the contractor used for the resurfacing. After the motion for protective order was filed, Plaintiff's counsel voluntarily vacated the deposition with a notice indicating the deposition would be rescheduled for a date and time mutually convenient to all parties. Discovery has closed, and the court should grant the motion for protective order prohibiting taking Mr. Arambula's deposition outside the discovery cutoff.

**DISCUSSION**

The Complaint in this case was filed in state court and removed (Dkt. #1) July 19, 2012. The court's initial Discovery Plan and Scheduling Order (Dkt. #12) was entered September 14, 2012, and established a March 1, 2013 discovery cutoff and other deadlines consistent with LR 26-1(e). The parties were given 180 days from the Rule 26(f) conference, rather than the date of the Defendants' answer in which to complete discovery as they requested. Thereafter, the parties requested and received three extensions of the discovery plan and scheduling order deadlines. The third stipulation to extend the deadlines was filed August 30, 2013, and requested a final 30-day extension of the discovery cutoff to allow Defendants an additional two weeks to respond to written discovery, for Plaintiff to take the deposition of the person most knowledgeable from APC Concrete regarding the surface of the ground on which the Plaintiff allegedly fell, and for Plaintiff to review documents produced by Defendant on August 23, 2013. Although Plaintiff scheduled Mr. Arambula's deposition the first time before the expiration of the discovery cutoff and served Mr. Arambula with a subpoena, the witness did not appear for his deposition. Plaintiff did not attempt to re-notice the deposition until two weeks after the third extension of the discovery cutoff, and two weeks before the deadline for filing dispositive motions. Counsel for Plaintiff did not request an extension of the deadline from opposing counsel, or failing that, request relief from the court to take a single deposition outside the discovery cutoff.

Because of heavy case loads, trial courts enter scheduling orders "to establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). A trial court's case management efforts "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id.* at 1061. Failure to comply with scheduling order deadlines "may properly support severe sanctions and the exclusion of evidence." *Id.* Rule 16(f) authorizes the trial court on motion, or *sua sponte*, to impose any of the sanctions authorized by Rule 37(b)(2)(A)(ii-vii) for a party's failure to obey a scheduling order or other pretrial order. Courts establish discovery plans and scheduling orders "to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.* at 1062. The Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order "is not harmless." *Id*

Counsel for Plaintiff was not at liberty to ignore the court-ordered deadlines and notice Mr Arambula's deposition after the expiration of the discovery cutoff which had been extended three times. The Plaintiff had ample time to conduct the very modest amount of discovery that was conducted in this case. To take a deposition after court-imposed deadlines requires a stipulation approved by the court, or an order granting a motion to re-open discovery. A motion to re-open discovery after the deadline has run must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); and LR 6-1(b). Plaintiff did not seek a stipulation, or failing that, file a motion to re-open discovery, and Plaintiff's opposition to the motion for protective order does not establish excusable neglect for failing to complete Mr. Arambula's deposition within the extended time allowed. Defendants filed a motion for summary judgment the on the last day under extended deadline for doing so, and not, as Plaintiff argues, to prevent Plaintiff from obtaining discovery.

Although the motion for protective order was rendered moot when Plaintiff voluntarily vacated the November 5, 2013 deposition, the notice vacating the deposition indicates Plaintiff intends to re-notice the deposition at a later time mutually convenient to the parties. The court will therefore grant the motion for protective order to prevent future motion practice on this issue .

Having reviewed and considered the moving and responsive papers,

**IT IS ORDERED** that Defendants' Motion for Protective Order Precluding Mr. Arambula's Deposition from Going Forward on November 5, 2013, is **moot**. However, the motion is **Granted** to the extent Plaintiff is precluded from re-noticing Mr. Arambula's deposition.

Dated this 3rd day of January, 2014

Peggy A. Leen
United States Magistrate Judge